989 F.2d 493
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Darryl Lamont JONES, Plaintiff-Appellant,
v.
Lacy SCOGGIN, Defendant-Appellee.
 No. 93-6026.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 4, 1993
Decided: March 23, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Henry C. Morgan, Jr., District Judge. (CA-92-1268-2)
 Darryl Lamont Jones, Appellant Pro Se.
 E.D.Va.
 AFFIRMED.
 Before HALL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Darryl Lamont Jones, a Virginia inmate, appeals from the district court's order dismissing, without prejudice, his 42 U.S.C. § 1983 (1988) suit in which he claims he was denied effective assistance of counsel during his criminal trial.* The district court found that "the essence of [Jones's] claim is that he wishes to be released from custody," and dismissed without prejudice to refile as a petition for writ of habeas corpus, subject to the exhaustion requirements of 28 U.S.C. § 2254 (1988). Jones appealed.
 
 
 2
 Jones sought money damages in addition to a new trial. To the extent that Jones sought a new trial or release, the proper forum is a petition filed pursuant to 28 U.S.C. § 2254. Although a claim for money damages may properly be brought under § 1983, this claim was nonetheless properly dismissed pursuant to 28 U.S.C. § 1915(d) (1988) as frivolous because attorneys are not subject to suit under § 1983. See Polk County v. Dodson, 454 U.S. 312 (1981). Therefore, we affirm the district court's dismissal of Jones's complaint. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Jones claims that he would not have testified on his own behalf if he had been informed by his attorney that the prosecution could then introduce evidence of Jones's prior convictions